IN THE CIRCUIT OF THE NINTH
JUDICIAL CIRCUIT IN AND FOR
ORANGE COUNTY, FLORIDA

CASE NO.:

FRANK L. LUCERO, JR.

      Plaintiff,

vs.

MERCK & CO., INC.,

      Defendant.

_____/

## COMPLAINT

Plaintiff, Frank L. Lucero, Jr., ("Lucero") by and through his undersigned attorneys sues

the Defendant, Merck & Co., Inc. ("Merck") and as grounds therefore states:

1.      This is an action for damages in excess of $15,000 exclusive of cost, interest and

attorneys fees.

2.      Mr. Lucero is a resident of Orange County, Florida.

3.      The damages alleged herein were suffered by Mr. Lucero in Orange County,

Florida, where he should have received the funds being sought in this action.

4.      Merck is a New Jersey corporation doing business in Florida.

5.      All conditions precedent to the relief sought in this action have occurred or have

been waived.

6.      Mr. Lucero was employed by Merck from 1972 to 1994.

7.      Beginning in 1992, Mr. Lucero was employed by a subsidiary of Merck & Co.,

Inc. known as the Astra/Merck Group.

8.      In exchange for his personal labor, Merck compensated Mr. Lucero with

numerous separate stock options which gave him the right to purchase Merck stock upon the



vesting of the options.

9.      Merck granted Mr. Lucero a stock option on or about February 22, 1994. It consisted of the right to purchase 1,800 shares of Merck stock exercisable at $32.625 per share. The option vested on February 22, 1999 and Mr. Lucero could exercise his option at his discretion during the five year period after vesting.

10.     A true and accurate copy of Mr. Lucero's February 22, 1994 Merck stock option is attached as Exhibit "A" and this option will be referred to hereinafter as "Option 1".

11.     Merck granted another stock option to Mr. Lucero on or about December 30, 1994. It consisted of the right to purchase 1,400 shares of Merck stock exercisable at $38.125 per share. This option vested on December 30, 1999, and Mr. Lucero could exercise this option at his discretion during the five year period after vesting.

12.     A true and accurate copy of Mr. Lucero's December 30, 1994 Merck stock option is attached as Exhibit "B" and this option will be referred to hereinafter as "Option 2".

13.     Option 2, in Section IV of the Merck Stock Option terms, stated:

> If your employment with the Company ends and the Company determines your separation is due to lack of work, elimination of your job or the sale of your division, your right to purchase shares under the Option (stock options awarded in 1992 and options awarded in subsequent years) will expire on the date which is the later of 12 months from (i) the First Exercise Date or (ii) your Separation Date.

14.     Mr. Lucero's employment with Merck & Co. Inc. ended in 1994, due to lack of work, elimination of his job or the sale of the Astra Merck Division, when the Astra Merck Division was sold to Astra Merck, Inc. and he was reassigned as an employee of Astra Merck, Inc.

15.     Because Mr. Lucero's employment with Merck ended when he ceased being an employee of the Astra Merck Division, Mr. Lucero was entitled to exercise Option 2 during the

12 months beginning on December 30, 1999.

16.    During 1998, another company reorganization took place which ended in Mr. Lucero's employment with Astra Merck, Inc. and resulted in him being employed by Astra Pharmaceuticals, L.P. ("Astra Pharmaceuticals"), due to lack of work, elimination of his job, or the sale of his division..

17.    After Astra Pharmaceuticals' employees voiced concern about their Merck stock options due to the reorganization, Merck, by letter dated June 19, 1998, further amended the Merck options.

18.    A true and accurate copy of Merck's correspondence confirming this modification to the stock options is attached as Exhibit "C".

19.    The June 19, 1998 letter from Merck stated that if an employee was "separated by AMI or Astra Pharmaceuticals, L.P. because your job is eliminated or you are laid off ... options that are unvested as of the separation date will become exercisable on their original vesting date and exercisable 12 months from such date." (See Exhibit "C".)

20.    On November 24, 1998, Merck's Board of Directors approved a 2-for-1 split of the Common Stock of Merck & Co., Inc.

21.    Merck informed Mr. Lucero that he would "be receiving one additional share of Common Stock of the Company for each share registered in your name as of the close of business on the record date, January 25, 1999." (A true and accurate copy of Merck's correspondence is attached as Exhibit "D".)

22.    Immediately prior to January 26, 1999, Mr. Lucero was employed by Astra Pharmaceuticals as National Accounts Leader and his position included the responsibility for servicing the Owen Healthcare, Inc. account, the Columbia/HCA account and Mr. Lucero was

also Astra Pharmaceuticals Field COMPASS Champion.

23.    On or about January 26, 1999 Astra Pharmaceuticals laid off Mr. Lucero, contrary to Mr. Lucero's wishes.

24.    On or about January 26, 1999, Astra Pharmaceuticals eliminated Mr. Lucero's position and reassigned Mr. Lucero's Owen Healthcare, Inc. and Columbia/HCA accounts to two different existing employees.

25.    Astra Pharmaceuticals did not hire any new employees to fill the position vacated by Mr. Lucero.

26.    By letter dated January 29, 1999, Merck informed Mr. Lucero that as a result of the stock split, "the number of your *unexercised* stock options will be *doubled* and the option price will be *halved*." (A true and accurate copy of which is attached as Exhibit "E".)

27.    Pursuant to the express terms of Option 2 and Merck's written agreement to honor Mr. Lucero's unvested stock options in the event he was laid off or in the event his position with Astra Pharmaceuticals was eliminated, Mr. Lucero was entitled to exercise his Option 1 and Option 2 during the 12 months after they vested.

28.    The terms of the stock options and all subsequent modifications were drafted solely by Merck.

29.    Mr. Lucero attempted to exercise Option 1 on February 22, 1999, and several times thereafter within the 12 months after the option vested, but Merck refused to honor Mr. Lucero's requests to exercise Option 1.

30.    If Merck had honored Option 1 on February 22, 1999, Mr. Lucero would have been entitled to receive $235,584.00 in net proceeds on that date.

31.    Mr. Lucero attempted to exercise Option 2 on December 30, 1999, within the 12

months after the option vested, but Merck refused to honor Mr. Lucero's request to exercise Option 2.

32.    If Merck had honored Option 2 on December 30, 1999, Mr. Lucero would have been entitled to receive $136,500.00 in net proceeds on that date.

33.    Merck breached its agreement with Mr. Lucero by refusing to honor Mr. Lucero's attempts to exercise his stock option rights.

34.    A true and accurate copy of Merck's October 19, 1999 correspondence, documenting Merck's refusal to honor Option 1 and Option 2 is attached hereto as Exhibit "F".

35.    Mr. Lucero is entitled to recover the value of the options on the dates he attempted to exercise the options, plus interest from those dates.

36.    The stock options are unpaid wages that are owed to Mr. Lucero.

37.    Pursuant to Fla. Stat. 448.08, Mr. Lucero is entitled to attorney's fees incurred in this action.

38.    Mr. Lucero has been forced to retain and pay the undersigned law firm to prosecute this action and his claims against AstraZeneca A.B., AstraZeneca Pharmaceuticals, L.P. and AstraZeneca, L.P., due to Merck's breach of its agreement to provide Mr. Lucero with the stock options.

39.    Mr. Lucero is entitled to recover as special damages from Merck, his attorneys fees incurred against AstraZeneca A.B., AstraZeneca Pharmaceuticals, L.P. and AstraZeneca, L.P. and AstraZeneca, L.P.

40.    Mr. Lucero requests a trial by jury.

Wherefore, Mr. Lucero demands judgment against Merck & Co., Inc. for $372,084.00, plus costs, interest, attorney's fees incurred in this action and against AstraZeneca A.B.,

AstraZeneca Pharmaceuticals, L.P. and AstraZeneca, L.P., and further requests trial by jury and

such other relief as the Court deems appropriate.

MARCHENA AND GRAHAM, P.A.
233 S. Semoran Blvd.
Orlando, Florida  32807
(407) 658-8566
Attorneys for Plaintiff

By:_____
        Keith A. Graham, Esquire
        Florida Bar No. 0705314

6



725 Chesterbrook Boulevard
Wayne, Pennsylvania 19087-5677
610-695-1000

March 17, 1994

Mr. Frank L. Lucero

Dear Frank:

        I am delighted to inform you of your stock option grant for 1,800 shares of Merck & Co., Inc., common stock.  This grant is a measure of your potential investment in the Company through ownership of stock.  Starting on February 22, 1999, (five years from the date of the grant), you can exercise your option by buying the shares at the market share price of $ 32.625 that was set on February 22, 1994.  This option expires 10 years after the date of the grant, on February 21, 2004.  A general summary of the Stock Option terms is included for your review and reference.

        This year's stock option grants have been determined under the Company's new compensation program.  The program allows us to consider the special accomplishments and objectives of the Astra/Merck Group.  In 1993, the Astra/Merck Group reached trigger in July, five months ahead of deadline.  The stock option grant rewards and recognizes the notable contributions that you made toward this significant event, as well as acknowledges the value of your contributions in the future growth of Astra/Merck. Thus, the options are an important way to support our business strategy, today and in the years ahead.

        The Astra/Merck Group and I greatly appreciate your commitment and hard work through which you have earned this award.

                                        Sincerely,

                                        Wayne Yetter

                                        Wayne P. Yetter
                                        President

**EXHIBIT A**

# STOCK OPTION TERMS

## I. OPTION PERIOD

You may not exercise the Option until 5 years from the date the Option is granted.  However, you must exercise the Option within ten years from the Option Date or the Option will expire.

## II. TERMINATION OF EMPLOYMENT

If you leave the Company prior to the first exercise date of the Option, the Option is forfeited, unless you have retired.  Upon the termination of your employment with the Company for any reason other than retirement, your right to purchase shares under the Option will be limited to those shares of stock that are exercisable at the date of your termination, and your right will expire unless exercised by you within 3 months after the date of your termination, but in no event after the Expiration Date of the Option. However, if your employment with the Company is terminated for deliberate, willful or gross misconduct, your right to purchase shares under the Option will expire upon receipt by you of notice of such termination.

## III. RETIREMENT

In the event of your retirement, your outstanding options shall continue to become exercisable in accordance with their terms.  Your options shall expire within sixty months after the actual retirement date, but in no event after the expiration of the option period.

## IV. DEATH

Upon the death of a grantee, exercise privileges shall be limited to those NQSOs and SARs granted under any feature of the Plan that were exercisable at the time of death.  However, Annual Grants awarded in October 1992 or later which have been held for at least twelve months at date of death shall become immediately exercisable upon death.

## V. OPTION NOT TRANSFERABLE

The Option may be exercised only by you, and may not be assigned or otherwise transferred to anyone else.

All options are granted subject to the terms of the 1991 Incentive Stock Plan and the Rules and Regulations established by the Compensation and Benefits Committee of the Board of Directors.



ASTRA MERCK

725 Chesterbrook Blvd.
Wayne, PA 19087-5677
610 695-1000

January 27, 1995

Frank Lucero

Dear Frank:

I am delighted to inform you of your stock option grant for 1,400 shares of Merck & Co., Inc., common
stock.  Starting on December 30, 1999, five years from the date of the grant, you can exercise your option
by buying the shares at the market share price of $38.125 that was set on December 30, 1994.  This option
expires 10 years after the date of the grant, on December 29, 2004.  A general summary of the Stock
Option terms is included for your review and reference.

In 1994, the Astra/Merck Group of Merck & Co. Inc., officially became Astra Merck Inc.  Astra's
decision to buy in to the Astra Merck venture represents an outstanding milestone in our company.  This
event was made possible by the extraordinary accomplishments of each one of us throughout 1994.  This
stock option grant rewards you for your past contributions as well as acknowledges that your efforts will
continue to be a valuable resource to Astra Merck's long term growth.

Astra Merck Inc., Merck & Co. Inc. and I appreciate the support you have shown to our vision by
continually striving for excellence.

Sincerely,

Wayne Yetter

Wayne P. Yetter
President and C.E.O.
Astra Merck Inc.

**EXHIBIT B**

# STOCK OPTION TERMS

## I. OPTION PERIOD

You may not exercise any part of the Option until five (5) years from the date the Option is granted.. However, you must exercise the entire Option within ten years from the Option Date or the Option will expire.

## II. TERMINATION OF EMPLOYMENT

If you leave the Company prior to the first exercise date of the Option, the Option is forfeited, unless you have retired. Upon the termination of your employment with the Company for any reason other than retirement, your right to purchase shares under the Option will be limited to those shares of stock that are exercisable at the date of your termination, and your right will expire unless exercised by you within 3 months after the date of your termination, but in no event after the Expiration Date of the Option. However, if your employment with the Company is terminated for deliberate, willful or gross misconduct, your right to purchase shares under the Option will expire upon receipt by you of notice of such termination.

## III. RETIREMENT

In the event of your retirement, your outstanding options shall continue to become exercisable in accordance with their terms. Your options shall expire within sixty (60) months after the actual Retirement Date, but in no event after the expiration of the Option Period.

## IV. SEPARATION

If your employment with the Company ends and the Company determines your separation is due to lack of work, elimination of your job or the sale of your division, your right to purchase shares under the Option (stock options awarded in 1992 and options awarded in subsequent years) will expire on the date which is the later of 12 months from (i) the First Exercise Date or (ii) your Separation Date.

## V. DEATH

In the event of your death, exercise privileges shall be limited to those shares of stock [NQSOs and SARs granted under any feature of the Plan] that were exercisable at the time of death. However, Annual Grants awarded in October 1992 or later which have been held for at least twelve months at date of death shall become immediately exercisable upon death. These options must be exercised within thirty-six (36) months after death, but in no event after the expiration date of the options.

## VI. OPTION NOT TRANSFERABLE

The Option may be exercised only by you, and may not be assigned or otherwise transferred to anyone else.

All options are granted subject to the terms of the 1991 Incentive Stock Plan and the Rules and Regulations established by the Compensation and Benefits Committee of the Board of Directors.

tb:termsdoc
10/94

Deborah K. Smith
Senior Vice President
Human Resources

Merck & Co., Inc.
One Merck Drive
P.O. Box 100
Whitehouse Station NJ 08889
Tel 908 423 5145

June 19, 1998

 MERCK

To:     AMI Employees with Merck Stock Options

As I'm sure you've heard by now, Merck & Co., Inc. and Astra AB have agreed to
restructure our joint venture, Astra Merck Inc. ("AMI").  We wanted to take this
opportunity to assure you that the outstanding stock options you hold under Merck's stock
option plan will not be affected by this restructuring.  As you may recall, upon your
transfer to AMI, your Merck stock options continued to vest according to their original
terms for so long as you were employed by the joint venture.  After vesting, they are
exercisable according to the terms of the stock option plan as if you were still employed
by Merck.  Thus, the terms of your options were not changed by your employment with
AMI.

After the closing date of the restructuring (currently expected around July 1, 1998),
Merck will continue to have a significant business interest in Astra Pharmaceuticals L.P.
Therefore, under the rules and regulations of the Merck stock option plan, your Merck
stock options will not be affected by the transaction.  That means your options will
continue to vest and become exercisable according to their original terms while you
remain employed by Astra Pharmaceuticals L.P. for so long as Merck retains a significant
interest in the business (as determined solely by Merck).

Therefore, if you resign before or after the closing, your unvested options will expire
when your employment with AMI or Astra Pharmaceuticals L.P. ends and your vested
options will expire three months after the date your employment ends.  If you retire, the
normal retirement provisions apply.  Such provisions are different for different grants,
check the term sheets distributed with the grants.

If you are separated by AMI or Astra Pharmaceuticals L.P. because your job is
eliminated or you are laid off, the Centennial Ownership and options granted in 1992 and
later with subsequent re-separation terms. Business in the separation terms. options that
are vested as of the separation date are exercisable for 12 months from the separation date
and options that are unvested as of the separation date will become exercisable on their
original vesting date and be exercisable for 12 months from such date. For all pre-1992
options (other than the Centennial), in the event of separation, the termination/resignation
provisions described above will apply.  If you have SPP option grants, different
provisions apply and you should refer to your term sheet.

EXHIBIT C

AMI Employee with Merck Stock Options
June 19, 1998
Page 2

~~If you do not agree to be employed by Astra Pharmaceuticals L.P. as of and after the closing date, for purposes of the stock option plan, you will be considered to have voluntarily resigned from AMI and the termination/resignation provisions will apply to all options.~~

I also wanted to inform you that Merck and Astra have agreed Merck will not solicit for hire any AMI or Astra Pharmaceuticals L.P. employees for the period beginning on the date the agreement was signed (June 19, 1998) and ending two years from the closing date of the transaction and will not hire any AMI or Astra Pharmaceuticals L.P. employee for the period beginning on the date the agreement was signed and ending one year from the closing date unless Astra and Merck specifically agree in writing to such hiring. However, Merck may immediately hire those employees who are dismissed by Astra Pharmaceuticals L.P.

This letter was sent to you because Merck's records indicate that, as of June 12, 1998, you were an AMI employee and had Merck stock options. However, your circumstances may have changed and our records may not yet reflect the changes. For example, you may already have exercised all your options, or resigned or retired from AMI. If you were not an AMI employee as of the date of this letter, this letter does not apply to you.

If you have questions about the specific terms of your stock option grants, you should consult the term sheets which were distributed to you when you received your options or you may call Merck Employee Services at 800-255-5794. If you have questions about your benefits from your AMI plans, you should consult with AMI's Human Resources Department.

We wish you good health and continued success in your future endeavors.

Sincerely,

Merck & Co., Inc.
One Merck Drive
P.O. Box 100
Whitehouse Station NJ 08889-0100

 **MERCK**

December 4, 1998

To the Holders of Common Stock:

I am pleased to advise you that on November 24, 1998, the Board of Directors approved a 2-for-1 split of the Common Stock of Merck & Co., Inc. You will be receiving one additional share of Common Stock of the Company for each share registered in your name as of the close of business on the record date, January 25, 1999. It will not be necessary to submit old certificate(s) for exchange. The additional shares will be distributed on or after February 16, 1999.

NO ACTION BY YOU IS REQUIRED AT THIS TIME.

Sincerely yours,

Raymond V. Gilmartin
*Chairman, President and
Chief Executive Officer*

EXHIBIT D

Merck & Co., Inc.
One Merck Drive
P.O. Box 1200
Whitehouse Station NJ 08889-1200

January 29, 1999

 **MERCK**

Dear Stock Option Plan Participant:

This letter describes the effect of the upcoming stock split on your stock options. It is being sent to you since our records show that you hold Merck & Co., Inc. stock options as of January 29, 1999.

On November 24, 1998, the Merck Board of Directors approved a two-for-one split of the Company's common stock. The additional options will be distributed on or about February 16, 1999 (referred to as the "Distribution Date") to shareholders of record at the close of business on January 25, 1999.

As a result of this split, at the close of business on the Distribution Date, the number of your *unexercised* stock options will be *doubled* and the option price will be *halved* but your ownership interest will *remain the same*. For example:

|  | Unexercised Stock Options | Grant Price | Ownership Interest |
|---|---|---|---|
| **Prior to the Distribution Date** | 300 | $32.50 | $9,750.00 |
| **After the Distribution Date** | 600 | $16.25 | $9,750.00 |

**Important Transaction Information**

- *Exercises* - Stock options exercised between January 25, 1999 and the close of business on the Distribution Date (February 16, 1999) will be processed on a *pre-split* basis.

  - **Cashless/sell stock exercises** during this period *will not be* affected by the stock split.

  - **Cashless/hold stock or cash purchase stock** exercises during this period *may be* affected by the stock split. For example, shares* resulting from those types of exercises, that are still held at the close of business on the Distribution Date, will be split.

- *Suspension Period* - To ensure that all stock option accounts correctly reflect the upcoming stock split, the *Automated Voice Response System at Merrill Lynch will be suspended from 2 p.m., New York time on Friday, February 12, 1999 through 6 a.m., New York time on Wednesday, February 17, 1999*. Therefore, during this period no stock options will be exercised by Merrill Lynch. However, you may call the toll-free Merrill Lynch number (1-800-71-MERCK) to speak with a Customer Service Representative.

- *Cancellation of Target Exercise Orders* - Merrill Lynch will *automatically cancel all target exercise orders not executed before the suspension period begins*. To reset any unexecuted target exercise orders, contact Merrill Lynch on or after February 17, 1999.

If you have any questions about the upcoming stock split or your stock options, please contact Merrill Lynch at 1-800-71-MERCK.

Please make sure that you review the details of this split in your annual Merck & Co., Inc. Recordkeeping Account Statement from Merrill Lynch that will be mailed to you in late April. The statement will show stock option activity through the first quarter of 1999, including adjustments related to the stock split.

Stock Option Administration

* *Shares held in Blueprint Brokerage Accounts will be adjusted effective February 18, 1999 to reflect the stock split.*

**EXHIBIT E**

Wendy L. Yarno
Vice President
Human Resources

Merck & Co., Inc.
One Merck Drive
P.O. Box 100, WS3A-10
Whitehouse Station NJ 08889-0100
E-Mail: wendy_yarno@merck.com
Tel 908 423 5145
Fax 908 735 1247

 **MERCK**

October 19, 1999

Mr. Frank L. Lucero, Jr.
8678 Glyborne Court
Orlando, FL 32825

Dear Mr. Lucero:

Your August 27, 1999 letter to Mr. Gilmartin was forwarded to me for response. I am sorry to inform you that your stock options will not be reinstated as you requested.

The terms and conditions of the 1994 Annual grant and the special Astra Merck grant continued to apply after you transferred to the Astra Merck joint venture. The terms of these two grants clearly state that, if you leave the Company (for joint venture employees "Company" includes the joint venture) prior to the first exercise date of the option, the option is forfeited, unless you have retired or experienced a "separation" as defined by the rules and regulations of the stock option plan. The 1994 Annual grant and the Astra Merck grant were not vested on the date your employment with AstraZeneca terminated; thus they expired.

Deborah Smith's June 19, 1998 letter to Astra Merck employees with Merck stock options confirmed that Merck would continue to have a significant business interest in Astra Pharmaceuticals after the restructuring, thus Merck stock options would not be affected. Therefore, the original terms would continue to apply while you remained at Astra Pharmaceuticals. If you resigned or were terminated prior to vesting, unvested options would expire. If your job was eliminated, and you were therefore considered "separated," the separation terms would apply.

We rely on our joint ventures to inform us of optionholders' status based on the joint ventures' employment decisions. The joint venture's report to us of an optionholder's employment status determines the treatment of that person's stock options.

EXHIBIT F

Mr. Frank Lucero
October 19, 1999
Page 2


AstraZeneca informed us that your employment terminated on January 25, 1999.
After queries from you, we subsequently confirmed with both their Human
Resources and Legal departments that your job had not been eliminated. Thus,
your termination did not meet the definition of "separation" for purposes of the
Merck stock option plan, and your unvested options expired upon termination on
January 25, 1999.

I understand that Mike Cavalier, Director, Human Resources for USHH, reviewed
your qualifications and experience with several executives in the Sales and
Managed Care areas of USHH, but there were no suitable positions available.

We understand your disappointment in missing the opportunity to exercise the
last two grants and not being rehired by Merck. However, we cannot grant your
request for an exception to the plan rules.

Very truly yours,


*Wendy Yarno*


cc:    M. Cavalier
       A. Deseno
       D. Parisi